1  John M. Vrieze, CSB #115397
   William F. Mitchell, CSB #159831
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA  95502
   Tel:  (707) 443-5643
5  Fax: (707) 444-9586

6  Attorneys for Defendants

7

8

                UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  ROBERT ALLEN OWEN,                    CASE NO.:  CV 08-3431 MHP

12          Plaintiff,                    **ANSWER TO COMPLAINT**
                                          **[Jury Trial Requested]**
13      vs.

14  COUNTY OF DEL NORTE,
    CALIFORNIA, a political subdivision of
15  the State of California; DEVIN PERRY, an
    individual; and DOES 1 through 10
16  inclusive,

17          Defendants.

18

19  Defendants DEVIN PERRY and COUNTY OF DEL NORTE answer the complaint on

20  file herein as follows:

21                        **INTRODUCTION**

22      1.      Answering paragraph 1 of the complaint, defendants deny that Deputy

23  Sheriff Devin Perry "entered the residence…without legal justification," while admitting

24  that the entry was made without a warrant, and defendants deny that Deputy Sheriff

25  Devin Perry "attacked Mr. Owen with an electroshock weapon known as a Taser."

26  Furthermore, defendants deny each and every, all and singular, generally and specifically,

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1
**ANSWER TO COMPLAINT**

1  the allegation contained in the fourth sentence of said paragraph.  Further responding to

2  the remaining allegations in said paragraph, defendants lack sufficient information or

3  belief to admit or deny the remaining allegations of said paragraph, and based on such

4  lack of information or belief, defendants deny each and every, all and singular, generally

5  and specifically the remaining allegations contained therein.

### JURISDICTION AND VENUE

7  2.    Answering paragraphs 2 through 4, inclusive, defendants do not dispute the

8  grounds upon which plaintiffs assert jurisdiction and venue, but deny that a factual or

9  legal basis exists for their claims.

### PARTIES

11  3.    Answering paragraphs 5 defendants lack sufficient information or belief to

12  admit or deny the allegations, and based on such lack of information or belief, defendants

13  deny each and every, all and singular, generally and specifically the remaining allegations

14  contained therein.

15  4.    Answering paragraphs 6 and 7, inclusive, defendants admit that Devin

16  Perry was acting within the course and scope of his employment at all times pertinent to

17  the action; and, while specifically denying any liability and/or damages for "each of the

18  acts alleged in this complaint," defendants admit the remaining allegations contained

19  therein.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

21  5.    Answering paragraphs 8, inclusive, while specifically denying any liability

22  and/or damages arising from "the conduct alleged in the complaint," and denying on

23  information and belief that plaintiff has properly complied with the government claim

24  filing statutes, defendants admit that the County of Del Norte received governmental

25  claims from plaintiff and that the County of Del Norte subsequently notified plaintiff that

26  it had rejected the claim.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2
**ANSWER TO COMPLAINT**

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1    6.    Answering the allegations of paragraph 9, defendants lack sufficient
2  information or belief to admit or deny the allegations, and based on such lack of
3  information or belief, defendants deny each and every, all and singular, generally and
4  specifically the remaining allegations contained therein.

6    7.    Answering the allegations of paragraph 10, defendants admit that on March
7  30, 2007, the Del Norte County Dispatcher received a call from reporting party Glenda
8  Giertsen, reporting a domestic disturbance with plaintiff, her boyfriend, at their address at
9  1720 Ashford Road, following which Deputy Sheriff Devin Perry was dispatched to the
10 residence.  Further responding to the allegations of said paragraph, defendants deny each
11 and every, all and singular, generally and specifically, the allegation contained in the
12 second sentence of said paragraph.  Responding to the remaining allegations of said
13 paragraph, defendants lack sufficient information or belief to admit or deny the
14 allegations, and based on such lack of information or belief, defendants deny each and
15 every, all and singular, generally and specifically the remaining allegations contained
16 therein.

17    8.    Answering the allegations of paragraph 11, defendants admit that sometime
18 after arriving at the premises, plaintiff claimed he was a disabled veteran and later
19 plaintiff claimed he had a restraining order against his girlfriend, affirmatively alleging
20 that plaintiff refused to produce this alleged restraining order.  Additionally, defendants
21 admit that at some point plaintiff asserted that he did not want his girlfriend at his home.
22 Further responding to the allegations of said paragraph, defendants deny each and every,
23 all and singular, generally and specifically, the allegations contained therein.

24    9.    Answering the allegations of paragraph 12, defendants admit the allegations
25 regarding where the parties moved or were located sometime after Sheriff Deputy Devin
26 Perry arrived at the scene.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3
**ANSWER TO COMPLAINT**

1    10.    Answering the allegations of paragraph 13, defendants admit the allegations

2  contained therein and affirmatively allege that Sheriff Deputy Devin Perry informed

3  plaintiff that he needed to investigate the premises to locate potential evidence pertinent

4  to his investigation.

5    11.    Answering the allegations of paragraph 14, defendants admit that Sheriff

6  Deputy Devin Perry forced entry after plaintiff closed the door, hiding plaintiff's

7  whereabouts or actions.  Further responding to the allegations of said paragraph,

8  defendants deny each and every, all and singular, generally and specifically, the

9  allegations contained therein.

10    12.    Answering the allegations of paragraph 15 defendants admit that plaintiff

11  fell to the floor after Sheriff Deputy Devin Perry discharged his Taser. Further

12  responding to the allegations of said paragraph, defendants deny each and every, all and

13  singular, generally and specifically, the allegations contained therein.

14    13.    Answering paragraphs 16, 17 and 19, inclusive, defendants deny each and

15  every, all and singular, generally and specifically, the allegations contained therein.

16    14.    Answering the allegations of paragraphs 18, defendants lack sufficient

17  information or belief to admit or deny the allegations, and based on such lack of

18  information or belief, defendants deny each and every, all and singular, generally and

19  specifically the allegations contained therein.

20                    **FIRST CLAIM FOR RELIEF**

21    15.    Answering paragraph 20, defendants incorporate by reference each and

22  every affirmative allegation, admission and denial responsive to the paragraphs of

23  plaintiffs' complaint incorporated by reference in paragraph 20, as if fully set forth

24  herein.

25    14.    Answering the allegations of paragraphs 21 through 27, inclusive,

26  defendants affirmatively allege that Sheriff Deputy Devin Perry used such force as was

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1  reasonably necessary under the circumstances, and in accordance with proper policies,

2  customs, practices and/or procedures; and, defendants otherwise deny each and every, all

3  and singular, generally and specifically, the remaining allegations contained therein.

4                          **SECOND CLAIM FOR RELIEF**

5      15.    Answering paragraph 28, defendants incorporate by reference each and

6  every affirmative allegation, admission and denial responsive to the paragraphs of

7  plaintiffs' complaint incorporated by reference in paragraph 28, as if fully set forth

8  herein.

9      16.    Answering the allegations of paragraphs 29 through 32, inclusive,

10  defendants affirmatively allege that Sheriff Deputy Devin Perry used such force as was

11  reasonably necessary under the circumstances, and in accordance with proper policies,

12  customs, practices and/or procedures; and, defendants otherwise deny each and every, all

13  and singular, generally and specifically, the remaining allegations contained therein.

14                          **THIRD CLAIM FOR RELIEF**

15      17.    Answering paragraph 33, defendants incorporate by reference each and

16  every affirmative allegation, admission and denial responsive to the paragraphs of

17  plaintiffs' complaint incorporated by reference in paragraph 33, as if fully set forth

18  herein.

19      16.    Answering the allegations of paragraphs 34 through 39, inclusive,

20  defendants affirmatively allege that Sheriff Deputy Devin Perry discharged his Taser and

21  used such force as was reasonably necessary under the circumstances, and in accordance

22  with proper policies, customs, practices and/or procedures; and, defendants otherwise

23  deny each and every, all and singular, generally and specifically, the remaining

24  allegations contained therein.

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

**ANSWER TO COMPLAINT**

## FOURTH CLAIM FOR RELIEF

17.    Answering paragraph 40, defendants incorporate by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of plaintiffs' complaint incorporated by reference in paragraph 40, as if fully set forth herein.

18.    Answering paragraph 41 of the complaint, defendants admit a police officer has legal duties to use reasonable care in using force.

19.    Answering the allegations of paragraphs 42 through 45, inclusive, defendants deny each and every, all and singular, generally and specifically, the allegations contained therein.

## FIFTH CLAIM FOR RELIEF

20.    Answering paragraph 46, defendants incorporate by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of plaintiffs' complaint incorporated by reference in paragraph 46, as if fully set forth herein.

21.    Answering paragraphs 47, defendants admit the allegations contained therein.

22.    Answering the allegations of paragraphs 48 through 52, inclusive, defendants deny each and every, all and singular, generally and specifically, the allegations contained therein.


WHEREFORE, defendants pray for judgment as set forth hereinafter.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

**ANSWER TO COMPLAINT**

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, to each purported cause of action, defendants allege that, as to each plaintiff, each purported cause of action fails to state facts sufficient to constitute a cause of action against these answering defendants, and each of them, and that the complaint fails to state a cause of action against any answering defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, defendants state that the injuries and damages plaintiffs complain of, if any, resulted from the acts and/or omissions of others unassociated with the County of Del Norte, and without any fault on the part of these answering defendants.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, defendants allege that the individual defendants are entitled to absolute immunity and/or qualified immunity from liability based on their good faith in the propriety of their actions and the reasonable grounds for that belief.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, defendants allege on information and belief that plaintiff has failed to mitigate his damages.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, defendants allege that the individual defendant was an employee of the County of Del Norte in doing the acts and things set forth in the complaint herein, and that said defendant was acting with the discretion vested in him by law, and that plaintiff is barred from recovery against said defendant by virtue of §820.2 of the California Government Code. Likewise, defendant County of Del Norte is not liable therefore by virtue of the provisions of §820.2 and §815.2(b) of the California Government Code.

AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE, defendants allege that the individual defendant was an employee of the County of Del Norte in doing the acts and

**ANSWER TO COMPLAINT**

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1  things set forth in the complaint herein, and that said defendant was acting with the

2  discretion vested in him by law, and that plaintiff is barred from recovery against said

3  defendants by virtue of §820.4 of the California Government Code. Likewise, defendant

4  County of Del Norte is not liable therefore by virtue of the provisions of §820.4 and

5  §815.2(b) of the California Government Code.

6      AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, defendants allege that

7  the individual defendant was an employee of the County of Del Norte in doing the acts

8  and things set forth in the complaint herein, and that said defendant was acting with the

9  discretion vested in him by law, and that plaintiff is barred from recovery against said

10  defendants by virtue of §820.6 of the California Government Code. Likewise, defendant

11  County of Del Norte is not liable therefore by virtue of the provisions of §820.6 and

12  §815.2(b) of the California Government Code.

13      AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, defendants allege that

14  the individual defendant was an employee of the County of Del Norte in doing the acts

15  and things set forth in the complaint herein, and that said defendant was acting with the

16  discretion vested in him by law, and that plaintiff is barred from recovery against said

17  defendants by virtue of §820.8 of the California Government Code. Likewise, defendant

18  County of Del Norte is not liable therefore by virtue of the provisions of §820.8 and

19  §815.2(b) of the California Government Code.

20      AS AND FOR A NINTH AFFIRMATIVE DEFENSE, defendants allege that

21  defendant County of Del Norte is not liable therefore by virtue of the provisions of

22  §818.2 of the California Government Code.

23      AS AND FOR A TENTH AFFIRMATIVE DEFENSE, defendants allege that the

24  individual defendant was an employee of the County of Del Norte in doing the acts and

25  things set forth in the complaint herein, and that said defendant was acting with the

26  discretion vested in him by law, and that plaintiffs are barred from recovery against said

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8
**ANSWER TO COMPLAINT**

1  defendants by virtue of § 821 and §821.6 of the California Government Code.  Likewise,

2  defendant County of Del Norte is not liable therefore by virtue of the provisions of

3  §821.6 and §815.2(b) of the California Government Code.

4        AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, defendants allege

5  that defendant County of Del Norte is not liable therefore by virtue of the provisions of

6  §820(b) of the California Government Code.

7        AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, defendants allege that

8  the individual defendant was an employee of the County of Del Norte in doing the acts

9  and things set forth in the complaint herein, and that said defendant was acting with the

10  discretion vested in him by law, and that plaintiff is barred from recovery against said

11  defendant by virtue of §822.2 of the California Government Code.  Likewise, defendant

12  County of Del Norte is not liable therefore by virtue of the provisions of §822.2 and

13  §815.2(b) of the California Government Code.

14        AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, defendant County

15  of Del Norte alleges that it is immune from liability pursuant to the provisions of §815(a)

16  and §815.2(b) of the California Government Code.

17        AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, defendants allege

18  that the matters alleged in the complaint were exercised with reasonable diligence in the

19  discharge of duties imposed on the public entity, and defendants are therefore immune

20  from suit pursuant to §815.6 of the California Government Code.

21        AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, defendants allege

22  that the County of Del Norte and the individually named defendants, their agents,

23  servants, and representatives, did not engage in any policy or practice violative of the

24  civil rights of decedent.

25        AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, defendants allege on

26  information and belief that this court lacks subject matter jurisdiction over the matters set

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

9

ANSWER TO COMPLAINT

1  forth in the complaint, in that the facts are not sufficient to state a cause of action for

2  violation of Federal civil rights.

3        AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, defendants

4  allege they are immune from suit pursuant to Government Code §§844.6 and 845.

5        AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, defendants allege

6  on informative and belief, to the extent plaintiffs have or may attempt to allege pendent

7  State claims, such claims are barred by virtue of the provisions of §§900 et seq. of the

8  California Government Code.

9        AS AND FOR A NINTHEENTH AFFIRMATIVE DEFENSE, defendants allege

10  that plaintiffs are barred from recovery of exemplary and/or punitive damages from

11  defendant Del Norte County, or any subdivision therein or from any individual defendant

12  named in their official capacity by virtue of the provisions of §818 of the California

13  Government Code as well as applicable federal law.

14        AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, defendants allege

15  that any claim for exemplary and/or punitive damages is violative of the provisions of the

16  United States Constitution.

17        AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, defendants

18  allege that they are immune from suit pursuant to the Eleventh Amendment of the United

19  States Constitution.

20        AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, defendants

21  cannot fully anticipate all affirmative defenses that may be applicable to this action;

22  accordingly, defendants expressly reserve the right to assert additional defenses if and to

23  the extent such affirmative defenses become applicable throughout the pendency of this

24  action.

25        AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, defendants

26  allege that defendants' acts were privileged under applicable statutes and case law.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

**ANSWER TO COMPLAINT**

1    AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, defendant

2    COUNTY OF DEL NORTE alleges that plaintiff has failed to state a claim for relief

3    under *Monell* and associated case law.

4    AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, defendant

5    COUNTY OF DEL NORTE alleges that the complaint is barred by the immunity

6    provided by California Penal Code §847.

7    Defendants demand a jury.

8    WHEREFORE, defendants pray that:

9    1.    Plaintiff take nothing by his complaint on file herein;

10    2.    Defendants have judgment against plaintiff;

11    3.    Defendants be awarded their costs of suit;

12    4.    Defendants be awarded reasonable attorneys' fees under Rule 11 and/or on

13    the ground that the action is brought without a good faith belief that the facts or

14    applicable law support recovery;

15    5.    Defendants be awarded reasonable attorneys' fees pursuant to California

16    Code of Civil Procedure Section 1021.7 on the ground that the purported State claims are

17    brought without a good faith belief that the facts or applicable law support recovery; and

18    6.    For such other and further relief as the Court deems proper.

19

20    DATED: August 3, 2008                    MITCHELL, BRISSO, DELANEY & VRIEZE

21

22                                            By: _____

23                                                John M. Vrieze
                                                  Attorneys for Defendants

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

**ANSWER TO COMPLAINT**